UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 09-21212-CIV-GOLD/WHITE
(Related Case No.: 06-CR-20081)

JUAN MANUEL BERNAL PALACIOS,

     Movant,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATIONS OF MAGISTRATE JUDGE WHITE [DE 25]; DENYING MOTION [DE 1]; CLOSING CASE

THIS CAUSE is before the Court upon Magistrate Judge Patrick A. White's Report and Recommendations **[DE 25]**, entered February 18, 2010 (hereinafter, the "Report"). In the Report, Magistrate White recommends that Movant's Motion to Vacate **[DE 1]** be denied.[1] Objections to the Report were timely filed on March 19, 2010 **[DE 30]**.

On February 7, 2006, the grand jury returned an incitement charging Mr. Palacios ("Movant") and his brother (collectively, "Movants")[2] with conspiracy to launder monetary instruments in violation of 18 U.S.C. §1956 (h) (count 1); laundering of monetary instruments of specified unlawful activity in violation of 18 U.S.C. §1956(a)(1)(A)(l) (counts 2-31); and laundering of monetary instruments of specified unlawful activity in violation of 18 U.S.C. §1956(a)(2)(A) (counts 32-48). **[CR DE 3]**. On August 17, Movants pleaded guilty to counts 1, 2-31, 32-47 and 48. **[CR DE 85, 87]**. On May 22, 2008, Movants were sentenced to 135 and 210 months of imprisonment, respectively. **[CR DE 154]**.

_____

[1] Magistrate Judge White conducted an evidentiary hearing on February 9, 2010. *See* **[DE 27]**.

[2] Because Petitioner and his brother, Juan Manuel Bernal Palacios were indicted and plead guilty to the same charges in connection with the same money laundering scheme, they filed similar motions to vacate, set aside their sentence pursuant to 28 U.S.C. § 2255 raising the same claims.

Subsequently, Movant filed the instant §2255 motion. **[DE 1]**.

Movants' motions raise the following claims: (1) they are actually innocent of all the charges; (2) their sentences should be vacated based on the Supreme Court's decision in *United States v. Santos*, 128 S.Ct. 2020 (2008); (3) they were denied effective aid of counsel with respect t the first two claims; (4) their guilty pleas were not knowingly and voluntarily entered; and (5) they were denied effective aid of counsel because their attorney failed to file appeals to their sentences despite of their wishes to do so. **[DE 1]**. In the Report, Magistrate Judge White recommends denying Movants' §2255 motions. **[DE 25]**. Having reviewed Movant's objections **[DE 30]**, and upon independent and *de novo* review of the record, I adopt and affirm Magistrate Judge White's well-reasoned Report and deny Movant's request to vacate his sentence for the reasons that follow.

As to the actual innocence argument, I agree with Judge White that this contention lacks merit because Movant failed to proffer evidence to demonstrate that "it is more likely than not that no reasonable juror would have convicted h]im." *Schlup v. Delo*, 513 U.S. 298, 299 (1995); *Jones v. United States*, 153 F.3d 1305 (11th Cir. 1998).

As to the second and third arguments, Movants assert that their counsel should have been aware of the pendency of the *Santos* case, and that he should have advised as to the potential relevancy of that decision to their sentence. **[DE 1]**. Magistrate White concluded – and I agree – that it is not ineffective assistance for an attorney to fail to foresee the outcome of the *Santos* case given that the case was still pending during the course of representation. *United States v. Ardley*, 273 F.3d 991 (11th Cir. 2001) (holding an attorney's failure to anticipate future law changes does not amount to ineffective aid of counsel). Moreover, as Judge White astutely noted, the Eleventh Circuit has held that the *Santos* decision is of "limited precedential value," refusing to extend its holding to a money laundering case in which the proceeds came from drug trafficking. *United States v. Demarest*, 57 F.3d 1232(11th Cir. 2009). Thus, I conclude that Movant's second and third claims are without merit.

With respect to Movant's fourth claim – i.e., that the guilty pleas were not entered knowingly and voluntarily – Magistrate White correctly concluded that a proper inquiry into the voluntariness of the pleas at issue and the consequence of entering those pleas was conducted, and that said pleas were voluntarily and knowingly made. *See Gordon v. United States*, 496 F.3d 1270, 1277 (11th Cir. 2007); *United States v. Moriarty*, 429 F.3d 1012, 1019 (2005) (holding that a court must ensure that "a defendant enters his plea free from coercion, [that he] understands the nature of the charges, and [that he] understands the consequence of his plea.").

Finally, Movant argues that his counsel failed to comply with his wishes to appeal his sentence.  Judge White held an evidentiary hearing on this issue, after which he determined that Movant failed to demonstrate that he adequately informed counsel of his desire to pursue an appeal. **[DE 25]**.  Upon my independent review of the record and the hearing transcript **[DE 27]**, I agree that Movant failed to proffer sufficient evidence that he timely informed his counsel of his desire to appeal.  Thus, the claim of ineffective aid of counsel as it pertains to counsel's failure to appeal also fails.

Based on the foregoing reasons, and having reviewed the record, the Report, and the applicable law, it is hereby

ORDERED AND ADJUDGED:

1.      The Report and Recommendations **[DE 25]** is AFFIRMED AND ADOPTED.

2.      Plaintiff's Motion to Vacate **[DE 1]** is DENIED.

3.      This case is CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida this __3/__ day of March, 2010.

THE HONORABLE ALAN S. GOLD
U.S. DISTRICT COURT JUDGE

cc: Magistrate Judge Patrick A. White
    Counsel of record

Juan Manuel Bernal Palacios
     # 79387-004
RCDC II
PO Box 2038, Pecos, TX 79772